# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 11, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BUDDY BUNNER,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1438** (BOR Appeal No. 2047401)
                        (Claim No. 2011038473)

**PEOPLES CARTAGE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Buddy Bunner, by William B. Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Peoples Cartage, by Michael N. Watson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 28, 2012, in which the Board affirmed June 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 29, 2011, decision denying authorization for a C6-T1 anterior cervical discectomy and fusion. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Bunner worked as a laborer for Peoples Cartage. On May 16, 2011, he was leaning inside a hopper when an overhead lid fell and hit him on the back of his head and neck. The claim was held compensable for a cervical sprain. An MRI on June 24, 2011, revealed a large central disc herniation at C7-T1. Charles Levy, M.D., recommended a C6-T1 anterior cervical discectomy and fusion. Mr. Bunner requested a C6-T1 anterior cervical discectomy and fusion.

1

The claims administrator denied the authorization for the surgery and found the need for the surgery was not related to the compensable injury.

The Office of Judges reversed the claims administrator's decision dated September 29, 2011, and held that the claims administrator improperly denied further authorization for medical treatment or prescriptions. Mr. Bunner is not appealing this issue. The Office of Judges affirmed the claims administrator's separate decision dated September 29, 2011, that denied the request for a C6-T1 anterior cervical discectomy and fusion and found Ms. Bunner had a history of non-compensable cervical problems that more likely necessitate surgical intervention than the May 15, 2011, injury. The Board of Review affirmed the Office of Judges' Order. On appeal, Mr. Bunner disagrees and asserts that Dr. Levy concluded that he had a herniated disc and recommended that surgery be performed based upon the June 24, 2011, MRI. Mr. Bunner further asserts that his motor vehicle accident in 2011 played no role in Dr. Levy's recommendation because it did not occur until one week after the June 24, 2011, MRI. Mr. Bunner argues that his prior MRI did not show a disc herniation and that he had no neck pain symptoms until his injury on May 16, 2011. Peoples Cartage maintains that Mr. Bunner has a longstanding pre-existing condition in his cervical spine since a motor vehicle accident in 2005 and that a 2005 MRI revealed a central disc bulge at C6-T1. Peoples Cartage further maintains that Mr. Bunner had an intervening non-work-related motor vehicle accident on July 1, 2011, that injured his cervical spine.

The Office of Judges concluded that Mr. Bunner's need for surgery was for a pre-existing condition. The Office of Judges erred in making this conclusion. Mr. Bunner was involved in a work-related injury on May 16, 2011, to his cervical spine. The claims administrator determined that this work-related incident occurred and held the claim compensable for neck sprain and contusion of face, scalp, and neck. Mr. Bunner had an MRI performed on June 24, 2011, and it revealed a disc herniation at C7-T1 that was not seen on any tests prior to the May 16, 2011, work injury. Mr. Bunner testified that he had limited treatment for his neck right after his motor vehicle accident in 2005 but was experiencing no symptoms in his neck prior to his May 16, 2011, work injury. Robert Akers, D.C., stated that Mr. Bunner has been under his care since April 27, 2009, and that he has never provided treatment for Mr. Bunner's cervical spine. Dr. Levy, a neurosurgeon, reviewed the June 24, 2011, MRI and examined Mr. Bunner, He found that Mr. Bunner's symptoms began after the May 16, 2011, injury. He concluded that the symptoms were constant, aggravated, and that Mr. Bunner was unable to get adequate relieve. Dr. Levy reviewed the MRI and found that Mr. Bunner demonstrated Lhermitte's signs and has significant stenosis at C6-7 and severe stenosis at C7-T1. Dr. Levy recommended that a C6-T1 anterior cervical discectomy and fusion be authorized.

We disagree with the Office of Judges and the Board of Review. Mr. Bunner has presented sufficient credible evidence to demonstrate that the anterior cervical discectomy and fusion is related to his compensable injury and not a pre-existing condition. We find Dr. Levy's opinion to be credible and persuasive, and the Office of Judges and Board of Review erred in finding Mr. Bunner's surgery was necessary for a pre-existing condition. We reverse the Board of Review and remand with instructions to authorize the C6-T1 anterior cervical discectomy and fusion.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to authorize the C6-T1 anterior cervical discectomy and fusion.

Reversed and Remanded.

**ISSUED:**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II